## McGARVEY v. LITTLE et al.

THE Pulgas grant, in San Mateo county, is a grant by boundaries, and not by quantity, the description being, "tract known under the name of Las Pulgas, the boundaries of which are, on the south the creek of San Francisquito, on the north that of San Mateo, on the east the estuaries, and on the west the canada de Raimundo," and "the tract of which mention is made is of four leagues of latitude and one of longitude."

In ejectment, where the title is of record and wholly documentary, the Court may declare the effect of the papers offered by plaintiff, and instruct the jury that plaintiff has made out his title, if they believe the land to be within the boundaries of a grant under which plaintiff claims.

Where the minutes of the Court entered of record show that plaintiff offered in evidence the patent, and certain mesne conveyances to himself, but they do not appear in the statement for new trial, and the papers are not set out in the record, and the Court charges as above, this Court will not hold that the charge was an abstraction, or that it mistook the facts, when the motion for new trial fails to set forth the grounds relied on, and the statement does not show that the testimony therein was all the testimony offered.

In ejectment, the verdict may be joint against several defendants without specifying their respective lots in a whole tract, where they file a joint answer, which contains no averment as to the particular portion of land occupied by each, no proof being offered on the point, no damages being claimed, and defendants being in possession.

APPEAL from the Twelfth District.

The plaintiff relied on a patent for the land embraced within the "Pulgas" grant, the complaint proceeding against the defendants jointly.

Two only of the defendants, Rankin and Higgins, answered. They deny the allegations of the complaint, deny that the premises are within the Pulgas grant, and aver possession, "each for himself, but not as joint tenants, or tenants in common, of a portion of the aforesaid tract of land under and by virtue of good and sufficient title to the same."

For boundaries of the grant, see Syllabus, No. 1, and for the whole grant, see 18 How. 539.

On the trial, defendants relied mainly on the ground that they were within the "Copinger" grant, which had been finally confirmed. This grant was dated 1840, the Pulgas grant being dated in 1835. The east boundary of the Copinger grant runs, "bordering to the east on the rancho de las Pulgas."

The confirmation of the Pulgas grant follows the description in the grant, the patent being of the land embraced by the "survey," which is not in the record.

McGarvey *v.* Little.

The fifth instruction to the jury was, " That if the plaintiff's title had been satisfactorily established, then the jury should find against all of the defendants who were proved either jointly or severally to have been in possession, at the commencement of the suit, of the whole or any portion or portions of the premises, and as to all such, they should bring in a general verdict for all the premises, except those portions already in possession of the plaintiff."

Defendant Higgins appeals.

*J. Clarke,* for Appellants.

1. Was the Pulgas Grant " a grant by metes and bounds" in the legal sense of that expression ; or was it a grant for a specific quantity, to wit: four leagues, to be afterwards *measured off*? In cases of contiguous grants, their construction as to the dividing line must be settled by the Courts of this State. (*Doe* v. *Esbaner*, 9 How. 440 ; *Kennedy Exr's* v. *Hunt's lessees*, 7 Id. 594; *Brown's lessees* v. *Clement*, 3 Id. 660 ; *City of New Orleans* v. *De Armas et al.* 9 Pet. 224; *Choteau* v. *Eckhart*, 2 How. 372 ; *Bissell* v. *Penrose*, 8 Id. 317.)

This grant was for four square leagues and no more, and the proof is —1st. The almost unvarying uniformity of the tenor of California grants giving large exterior boundaries, and specifying at the same time a particular quantity of land to be measured off within these boundaries. 2d. The unvarying construction which was given to these grants by the Californians themselves, prior to the incoming of the Americans, and 3d. The uniform decisions of the Supreme Court of the United States. (*Ritchie case,* 17 How. ; *Fremont's case,* Id. ; *Reading's case,* 18 Id. ; *Arguello's case,* (which is the present case) Id. 539 ; *Vacca's case,* Id. 556, and *Larkin's case,* Id. 557.) In all these cases quantity, is mentioned, and the confirmation is for the quantity named. At the same time, general or outside boundaries are named, and these are mentioned in the decrees, not for the purpose of enlarging the quantity, but to designate the locality from which the quantity was to be taken.

In *Peralta's case,* (19 How. 343) the confirmation was by boundaries, no quantity being named in the grant, and the " Judicial possession " having ascertained and specified those boundaries.

It is submitted that all the reported cases show an unvarying rule, viz : when boundaries are named in the grant, but not quantity, the confirmation is to the extent of the boundaries ; when both quantity

and boundaries are named, the confirmation is for the quantity within the boundaries.

2. The fourth instruction was erroneous, because, first, the Court decided the question of fact as to plaintiff's title, which it was the province of the jury to pass upon; and secondly, because there was no evidence deducing title from the Pulgas grantees or patentees, to the plaintiff.

3. The fifth instruction that "the title being established, the jury should find as against all of the defendants who were severally in possession of respective portions of the premises, a joint verdict for the whole of the premises, except that part in the possession of the plaintiff," is erroneous. (Adams on Ejectment, 328 and cases cited.)

If the defendants do not plead separately, nor demand a separate verdict, a joint verdict may be rendered. Here the appellant and another defendant did plead severally, at least so far as the other defendants were concerned, and each demanded a separate verdict.

But the whole doctrine, that defendants by pleading jointly, may estop themselves from insisting that the plaintiff must make out his case, is wrong; at common law no such principle was known.

*Wm. T. Gough,* for Respondent.

1. The Pulgas Grant is a grant by boundaries. The Supreme Court of the United States have defined its boundaries in express terms. ( *U. S.* v. *Arguello et al.* 18 How. 539.)

2. The title, from the Pulgas patentees, of respondent, is expressly stated and admitted in the record as having been made out.

4. The ruling of the Court, that the jury were not the judges whether the patent embraced more land than the grant, was correct, as there was no attempt to show fraud or mistake in the survey or patent.

The defendant is concluded by the patent, unless he can show that he is a third party under a title conflicting with that of the plaintiff. (Act of 1851.)

3. The Copinger grant is not an interfering grant. It calls for the Pulgas boundary, and that boundary having been established, those claiming under the Copinger grant cannot attack it (except for fraud) in the Courts of this State. (Act of 1851, cited above; Act of Congress, 1836 and March 3, 1831; *Gunn, Adm'r.* v. *Bates,* 6 Cal. 263.)

4. The prayer for a separate verdict was properly refused. Respondent proved defendants in possession. The appellant Higgins — the

McGarvey *v.* Little.

only appellant—filed a joint answer with defendant Rankin, the only two found "guilty," admitting they were in possession, but not demanding a separate verdict.

The *onus* was on appellant to show the nature and extent of his separate possession ; whereas, there is no evidence, whatever, of the extent of his separate possession. The jury cannot be required to perform a vain thing, or an impossibility. (*Winans* v. *Christy*, 4 Cal. 70 ; *Ellis* v. *Jeans*, 7 Id. 409 ; Phillips Ev. Part 1, Cowen & Hill's notes, 352 ; *Greenleaf's lessee* v. *Birth*, 6 Pet. 302.)

(a) In *Winans* v. *Christy*, cited above, defendant Shobe in his answer, sets out particularly the extent of his possessions.

(b) A separate verdict was not necessary—all defendants claimed under the same title, and no damages proved.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This was an action of ejectment brought for the recovery of a tract of land in San Mateo county, comprehended within what is known as the Pulgas grant. The suit was brought against several defendants. The plaintiff introduced the original patent from the government of the United States, for the Pulgas tract. The patent issued after, and in pursuance of, a final decree of confirmation.

The jury found a general verdict for the plaintiff against two defendants, not specifying the particular lots occupied by them respectively, but no damages were awarded.

1. It is assigned for error that the Court erred in its instructions to the jury. The first instruction is, that the Pulgas grant was a grant by boundaries, and not by quantity. Upon an inspection of the grant, we see no error in this charge. (See *Arguello* v. *U. S.* 18 How. 548.)

2. The fourth instruction is excepted to. This is, if the premises were within the original boundaries mentioned in the Pulgas grant, then that the plaintiff had made out his title, even though the premises were more than a league from the shore of the bay, and although an area of more than four square leagues, measured as the witness described, would exclude the premises.

We find upon the minutes of the Court, that the plaintiff offered the patent of the Pulgas ranch, Arguello's title, to S. M. Mezes; power of attorney from S. O. De Arguello and J. R. Arguello, to S. M. Mezes, and deed from Mezes to McGarvey, were offered in evidence. We

see nothing of this in the statement for a new trial, nor are the documents set out. But the motion for the new trial fails to set forth the grounds upon which the defendant would rely, and the statement does not show that the testimony therein was all the testimony offered.

Under these circumstances, we are unwilling to hold that the Court gave an abstract instruction or mistook the facts. The title being matter of record and wholly documentary, the Court was authorized to declare to the jury the effect of the papers in the given category.

The main question was a question of boundary, and fairly left to the jury. It was for them to decide whether the premises were within the Pulgas grant; and the evidence being conflicting, we will not review their finding.

3. There was no error in the fifth instruction. The defendants being in possession, and no averment or description in the answer, and no proof of the particular portions which they occupied or claimed, there was no error in refusing to direct the jury to bring in a separate verdict as to each. They filed a joint answer, and no damages are claimed. We do not see why separate findings should be required in such cases. If this were so, it would lead in many instances to delay and expense—especially where many trespassers were sued—and for no benefit. One jury was just as competent in this case to pass on the whole defense of both these defendants as two, and could as well render one verdict against the two defendants, as two verdicts.

Some other errors are assigned, but the questions have either been passed upon here before, or are not considered necessary to be noticed.

Judgment affirmed.